**IMMEDIATE Request for 60 Day Stay on Further Proceedings**

JOSEF BOZEK
616 The Lane
Hinsdale, Il 60512
Tel: (630)-986-1065
Defendant *In pro se*

15cv6739
JUDGE BLAKEY
MAG. JUDGE ROWLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
DIRKSEN COURTHOUSE - CHICAGO

FILED
JUL 3 1 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BANK OF AMERICA, N.A.

    Plaintiff

vs.

JOSEF BOZEK, ET AL.,

    Defendants

Case No.:
_____
Removed from
Circuit Court of Cook County, County Dept.
Chancery Division
Case No.10 CH 47361

**NOTICE OF REMOVAL**
OF STATE COURT PROCEEDING
TO U.S. DISTRICT COURT
with

**Constitutional Challenge** [Rule 5.1]
[Proposed] Motion for CONSOLIDATION
And Motion for
<u>**STAY OF THE PROCEEDINGS**</u> for
**60 Days** [Pending TRO Hearing]

[State Court served on _____, 2015]

    **To all parties and their counsel of record**, please take notice that the Circuit Court case entitled per caption above, has been REMOVED TO THE UNITED STATES DISTRICT COURT located at Everett McKinley Dirksen United States Courthouse

Notice of Removal and Petition for Immediate STAY
BOA Bank, N.A., v. BOZEK, et al.

- 1 -

# IMMEDIATE Request for 60 Day Stay on Further Proceedings

219 South Dearborn Street, Chicago, IL 60604 Telephone: (312) 435-5670 under USDC case no._____ as set forth above.

A petition for **60 DAYS STAY of these proceedings** and **Notice of a Constitutional Challenge** is part of this Notice.

Said Removal shall divest and disqualify this state Circuit Court from taking any further action and said case is hereby STAYED in the underlying case for want of jurisdiction under **28 U.S.C. 1332, 1441, 1446, 1453, et al., and FRCP Rule 11**, unless there is a further order of this federal court.

Copies of this Notice are being served on counsel for plaintiff and filed with the Clerk of the Circuit Court, with proof of service attached hereto.

---

This Removal is intended to become part of a Related Civil Case which seeks to test the Constitutionality of the current Illinois statutory scheme governing foreclosure proceedings which as presently constituted, is not consistent with due process and equal protection under the U.S. Constitution's 5th and 14th amendment. This action is approved for such a *challenge*. Moreover such challenges are authorized in federal courts. See **Hutcherson v. Lehtin** 313 F. Supp. 1324 (1970) in which a group of tenants sued in a class action under **42 U.S.C. § 1983** on behalf of all those who are forced by their poverty to live in rental units that did not conform to applicable Municipal Housing Codes. Sued were the owner of the apartment house and presiding Judge of the Alameda County Superior Court and County Sheriff and others. In the case at bar, the defendants are a naturalized, senior citizen who brings this removal and proposed civil action to be filed shortly. Mr. Bozek seeks judicial accommodation throughout this process and appreciates the court's reasonable concern for his civil rights in this and the proposed cross action she will file in the next 60 days in this court.

## GROUNDS FOR STAY OR INJUNCTION EXIST

The **Federal Anti-Injunction Act** provides that a federal court "may not grant an

Notice of Removal and Petition for Immediate STAY
BOA Bank, N.A., v. BOZEK, et al.

- 2 -

## IMMEDIATE Request for 60 Day Stay on Further Proceedings

injunction to stay proceedings in a state court ...." 28 U.S.C. Sec. 2283 (1978). However, civil rights action under section 1983 are among the *exceptions* to the Act that have been "expressly authorized by Act of Congress." Id.; see **Mitchum v. Foster**, 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972). As the Supreme Court said in **Mitchum**, "[t]he very purpose of Sec. 1983 was to interpose the federal courts between the States and the people, ... to protect the people from unconstitutional action under color of state law." Id. at 242, 92 S.Ct. at 2162. [emphasis added]

The federal civil suit imminently pending for filing and consolidation is brought here under **42 U.S. C. § 1983**, et al. Mr. Bozek's challenge is distinguishable by challenging the state court's denial of a right to have the full protection of law. Here, Illinois judicial scheme governing foreclosure actions is challenged as it allow foreclosure proceedings by utilizing <u>unauthenticated declarations</u> of "plaintiff's counsel and persons **without personal knowledge**" to assert under oath facts supporting the action, thus illegally circumventing the right of defendants like Mr. Bozek to challenge fully by full and fair hearing the validity of documents by cross-examination and rebuttal of the proffered affidavits not only at the commencement of the action, but to and including the time of trial. Such a practice is illegal and will cause the "taking of title to real property without due process" as the procedure in place allows. This quashes the protective effect of otherwise neutral Evidence Codes and Statutes which are ignored by this specialized permissive means of pleading and essential ignoring of counter-proof and evidence challenging lender's claims. This tilts the balance beam heavily in favor of the banks seeking to foreclose by using substitute evidence not based on personal observation than, denying the defendant's right to challenge. This is unconstitutional *de facto* and in application and cannot be ignored any longer by the federal judiciary.

This Removal is dual in purpose; first to remove the pending state case from state court and secondarily, to challenge a statutory scheme which is ongoing and denying a legal right to fully defend a foreclosure case by challenging the legality and existence of ownership of

Notice of Removal and Petition for Immediate STAY
BOA Bank, N.A., v. BOZEK, et al.

- 3 -

## IMMEDIATE Request for 60 Day Stay on Further Proceedings

the Note by a foreclosing plaintiff, here Bank of America N.A., not as a lender, who cannot prove it holds the right to enforce the Note it claims to hold. Defendants Bozeks will bring claims that BOA is not a holder of the Note nor has the right to foreclose as a matter of law among other matters. This is clearly **a matter of great public interest** the federal courts must not eschew.

This action as Removed and the new action to be filed shortly, are jointly sought to be Consolidated under **FRCP Rule 42**. The core of the new action joined attacks the problem of denial of a recognized affirmative defenses and due process considerations, thus presenting a ripe **federal question** concerning an unfair application of state law.

In short, Illinois' legal process governing foreclosures deprives all defendants – borrowers like Mr. and Mrs. Bozek the right to raise this defense of questioned procurement of rights under a promissory Note and secondly, the right to enforce the mortgage [deed of trust] as a lien, but allows a litany of other defenses without abridgment. As well it allows unqualified "lawyer vouching," with no statutory protections against the presumptions that attach to these short cut, proceedings to move as many foreclosure's forward without the age old constitutional protections afforded all parties in other varieties of actions  This quick consequence allows all plaintiff foreclosing banks  who "claim ownership" the right to sue and speedily obtain a judgment even when overwhelming evidence exists that they never did obtain the Note rights and use their own paid for witnesses to affirm the truth of documents that are anything but independent and unbiased witnesses.

. In this housing market and with foreclosures being done at break-neck speed the Illinois legislature has <u>failed to protect the homeowner's right to fair and balanced treatment</u>. Mr. Bozek asserts these procedural and evidentiary glitches, benefit BOA without a concurrent <u>equal protection</u> which borrower- homeowners are judicially denied.           .

The equal application of the rules of evidence and procedure clearly requires a judicial challenge at in this federal court to level a quite disparate playing field and restore financial

Notice of Removal and Petition for Immediate STAY
BOA Bank, N.A., v. BOZEK, et al.

- 4 -

## IMMEDIATE Request for 60 Day Stay on Further Proceedings

and facially unfair consequences of this illegal, inequitable, discriminatory prohibition against allowing due process within the foreclosure proceedings.

Given the seriousness and scope of this action, Mr. Bozek presents his right to challenge this statutory and case precedential framework under **42 U.S.C. 1983**, et seq. His is a challenge to the right of a state to abridge due process, fair access to our court system and procedural equal protection of the laws guaranteed by the U.S. Constitution.

## 60 DAYS STAY ON PRIOR STATE ACTIVITY REQUESTED

Mr. Bozek moves within this Removal for a self-contained <u>Motion for a STAY</u> on any consideration by this court of the state foreclosure matter and that this court not act in a sudden, knee-jerk manner by ordering the matter to be remanded without further hearing on the matter and, for this court to properly stay and forebear any consideration by any means. This petition seeks all tiers of stay including temporary restraining order, issued *sua sponte* or on any motion until the constitutional issues raised are declared either constitutional or unconstitutional and defendant's rights be judicially defined.

There is <u>no detriment</u> to any party by way of a delay in this proceeding and the <u>important public interest</u> in fair access to judicial rights and defense is of tremendous concern to this and all courts in Illinois. No other means at law exist to protect defendant Mr. Bozek's rights and those similarly situated from this ongoing built-in state system fostering clear <u>judicial abuse and disparity</u>.

Removing party asks that the usual provision of the time constraints applicable to Removals be <u>stayed and waived</u> to allow this challenge to be perfected by the filing of the intended federal lawsuit and consolidation of that case with this matter at bar, challenging the *constitutionality* of Illinois law as presently constituted concerning the procedures in place allowing foreclosures without due process protection being in place and depriving its citizens of their rights as homeowners. This court has jurisdiction over this matter as joined to the Constitutional challenge in the case to be consolidated as both involve a federal question, the

Notice of Removal and Petition for Immediate STAY
BOA Bank, N.A., v. BOZEK, et al.

- 5

# IMMEDIATE Request for 60 Day Stay on Further Proceedings

## CERTIFICATE OF SERVICE ON COUNSEL AND THE STATE COURT

I hereby certify under oath that the above documents have been served upon the below individual parties or their counsel of record and any court required under the rules by either U.S. Mail, fax, personal service, or overnight delivery as designated below.

Counsel for Plaintiff served by U.S. Mail to:

Pierce & Associates, P.C.

Address: 1 N. Dearborn, Suite 1300,

Chicago, Illinois 60602

Barry C. Brotine

Fidelity National Law Group

Address: 10 S. LaSalle Street, Suite 2750,

Chicago, Illinois 60603

*Attorneys for Plaintiff Bank of America, N.A.*

and

Service upon the Clerk of the Circuit Court:

Address: 50 West Washington

Chicago, Illinois 60602

Certified to be true under penalty of perjury on July 31st., 2015.

*Josef Bozek*
_____
Josef Bozek, Affiant/Declarant

Notice of Removal and Petition for Immediate STAY
BOA Bank, N.A., v. BOZEK, et al.

- 7 -

**IMMEDIATE Request for 60 Day Stay on Further Proceedings**

taking of property without due process by BOA Bank. Thus, the requirements under **28 USC § 1331** which states:

> "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Footnote 4, ante, suggests there is a recognized **fraud exception**. The constitutional question is equal protection to enforce a judicially recognized right to an affirmative defense which if proved would eliminate the foreclosing plaintiff's standing **if proof shows they obtained title by a fraudulent means**. This strongly suggests that the formal "30" day federal requirement for removal of federal question based actions should be relaxed or waived or at a minimum and made conditioned upon a permissive showing the plaintiff obtained title legally.

As this contemporaneously requested PETITION for STAY [either ordered *sua sponte* or under **Rule 65**], within this Removal appears nowhere in the Federal Rules of Civil Procedure or the Local Rules of this court to be prohibited, this petition for a stay on any procedural activity affecting this stay is appropriate. This Removal and Petition are meant to achieve a urgently necessary determination, to wit, Movant Bozek seeks in good faith to achieve these goals by Removal and Consolidation of this and the imminent related action and seeks otherwise an injunction and/or stay of any consideration of the state proceedings in the interest of a resolution that <u>affects hundreds of thousands of vulnerable Illinois homeowner citizens similarly situated</u>.

Attached as may be ordered by the court is the Circuit Court file which will upon filing be descripted as Exhibit 1. Movant seeks 10 business days to affect this attaching of the state court documents as an accommodation.

July 31, 2015

                                        *Josef Bozek*
                               Josef Bozek, Defendant- Removing Party